JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9078 PA (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Aramid Entertainment B.V., et al. v. Bontempo Holdings, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

      Before the Court is a Motion to Remand filed by defendants Capitol Films, US, LLC, CG Acquisitions, LLC, Film Rights Holding Company, LLC, and IM Junior Debt Holding Company, LLC (collectively "Defendants"); defendants and cross-complainants Bontempo Holdings, LLC, Bontempo Productions, LLC, Cerulean Productions, LLC, Library Asset Acquisition Company Ltd., Tenderloin Productions, LLC, and David Bergstein (collectively "Defendants/Cross-Complainants"); and cross-complainants Dandelion Holdings, LLC, Five Dollar Productions, LLC, Lavender Productions, LLC, Nailed Productions, LLC, Raspberry Finance LLC, Reel Transit, LLC, Reel Transit Investments, LLC, and Reel Productions, LLC (collectively "Cross-Complainants"). (Docket No. 17.)  Third party defendants Screen Capital International Corporation, Genco Capital Corporation, and David Molner (collectively "Third Party Defendants") have filed an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 10, 2011, is vacated, and the matter taken off calendar.

      This action originated in Los Angeles County Superior Court when plaintiffs Aramid Entertainment B.V., Aramid Entertainment Fund Limited, and Cayman Film Holdings Limited (collectively "Plaintiffs") filed a complaint against Defendants and Defendants/Cross-Complainants on May 4, 2010.  A second amended complaint was filed on September 24, 2010, alleging causes of action under state law.  On October 25, 2010 the Defendants/Cross-Complainants and Cross-Complainants filed a cross-complaint against Plaintiffs and Third Party Defendants, as well as several other parties who have not yet been served.  The cross-complaint alleges various causes of action under state law, as well as a cause of action under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.  A Notice of Removal was filed on November 23, 2010 by Third Party Defendants, who assert that federal jurisdiction exists on the basis of a federal question.  See 28 U.S.C. §§ 1331.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9078 PA (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Aramid Entertainment B.V., et al. v. Bontempo Holdings, LLC, et al. | | |

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); see also Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) ("The defendant also has the burden of showing that it has complied with the procedural requirements for removal."). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Third Party Defendants assert that the RICO claim contained within the cross-complaint presents a federal question over which this Court has jurisdiction. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. "Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question." Redevelopment Agency of City of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003). Under this rule a RICO claim raised in the cross-complaint cannot form a basis for federal question jurisdiction.

Moreover, only a "defendant" may remove an action. See 28 U.S.C. § 1441(a). Although the Ninth Circuit has never ruled on whether a third party defendant is a "defendant" for purposes of the removal statute, the Fourth and Sixth Circuits have recently held that third party defendants do not have the right to remove. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333 (4th Cir. 2008)("Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants . . . In crafting § 1441(a), however, Congress made the choice to refer only to 'the defendant or the defendants,' a choice we must respect."); First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462 (6th Cir. 2002)("We hold that third-party defendants are not 'defendants' for purposes of § 1441(a)."). The Court agrees with the holding of the Fourth and Sixth Circuits, especially since removal statutes are to be strictly construed against removal jurisdiction. See 16 James Wm. Moore, Moore's Federal Practice § 107.11[1][b][iv] (3d ed. 2008)("The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove. If the original defendant had no right to remove, or chose not to, an ancillary defendant should not be permitted to remove absent express statutory authority."). Because

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9078 PA (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | Aramid Entertainment B.V., et al. v. Bontempo Holdings, LLC, et al. | | |

Third Party Defendants are not considered a "defendant" for purposes of the removal statute, this action must be remanded.

      Nevertheless, Third Party Defendants assert that they are entitled to remove this action under 28 U.S.C. § 1441(c), which states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

According to Third Party Defendants, the RICO claim is a "separate and independent claim" which allows removal of the entire case, even if it was brought in a cross-complaint. While the Fifth Circuit has held that a third party defendant may remove under this provision, the Seventh and Eighth Circuits have held that § 1441(c) does not change the general rule that only defendants originally sued by a plaintiff are entitled to remove. Compare Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 135-36 (5th Cir. 1980) with Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991)("We do not, however, believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim."); Thomas v. Shelton, 740 F.2d 478, 488 (7th Cir. 1984)("[W]e think that section 1441(c) does not authorize removal by third-party defendants in general or by the United States in particular . . . ."). Although the Ninth Circuit has never ruled on this question, several district courts within the Ninth Circuit have followed the majority view of the Seventh and Eighth Circuits. See Ciolino v. Ryan, No. C03-1396 TEH, 2003 WL 21556959 at *5 (N.D. Cal. July 9, 2003)("[T]he Court is persuaded that the prevailing view is the correct one: removal by a third-party defendant is not permitted under 28 U.S.C. § 1441(c)."); Saeilo Machinery (USA), Inc. v. Hirdes Freight, Ltd., No. CV 00-00777 MMM MANX, 2000 WL 1205338 at *3 (C.D. Cal. Mar. 8, 2000)(declining to adopt the minority view that a third party defendant may remove under § 1441(c)); Schmidt v. Ass'n of Apartment Owners of Marco Polo Condominium, 780 F. Supp. 699, 704 (D. Haw. 1991)("This Court finds the majority position of not allowing removal by third-party defendants [under § 1441(c)] to be the better approach."). Again, this Court finds no reason to depart from the majority view that a third-party defendant is not entitled to remove an action.

      Finally, Defendants, Defendants/Cross-Complainants, and Cross-Complainants request their attorneys' fees incurred in making this Motion. 28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees under this section is left to the district court's discretion. Martin v. Franklin Capital Corp., 546 U.S. 132, 139, 126 S. Ct. 704, 710, 163 L. Ed. 2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-9078 PA (FFMx) | Date | January 7, 2011 |
|---|---|---|---|

| Title | Aramid Entertainment B.V., et al. v. Bontempo Holdings, LLC, et al. |
|---|---|

removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141, 126 S. Ct. at 711 (emphasis added); see also Gardner v. UICI, 508 F.3d 559, 562 (9th Cir. 2007). Since the Ninth Circuit has never ruled on a third party defendant's ability to remove, and Third Party Defendants have cited some authority supporting their position, the Court cannot say that Third Party Defendants' removal lacked an objectively reasonable basis. The request for attorneys' fees is thus denied.

  For all of the foregoing reasons, Third Party Defendants have failed to establish a basis for subject matter jurisdiction or their right to remove this action. Accordingly, the Court remands this action to Los Angeles Superior Court, Case Number BC 437131. See 28 U.S.C. § 1447(c). Defendants' Motion to Dismiss (Docket No. 12) is denied as moot.

  IT IS SO ORDERED.